UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00232-RJC-DSC

| PHYLLIS GASTON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| ANSON COUNTY SCHOOL DISTRICT, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Anson County School District ("Defendant's") Motion to Dismiss for Failure to State a Claim, (Doc. No. 11); its Memorandum in Support, (Doc. No. 12); Phyllis Gaston's ("Plaintiff's") Pro Se Response to Defendant's Motion to Dismiss, (Doc. No. 13); Defendant's Response in Support, (Doc. No. 14); Plaintiff's Pro Se Response to Defendant's Response, (Doc. No. 15); the Magistrate Judge's Memorandum and Recommendation ("M&R") recommending this Court grant Defendant's Motion to Dismiss in part and deny in part, (Doc. No. 16); Plaintiff's Pro Se Amended Motion to Set Aside the M&R, (Doc. No. 18); Defendant's Response, (Doc. No. 19); and Plaintiff's Pro Se Reply, (Doc. No. 20).

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72, advisory committee note).

### III. DISCUSSION

The Magistrate Judge's M&R recommends the Court dismiss Plaintiff's claims alleging race discrimination and hostile work environments while allowing Plaintiff's retaliation claim to survive Defendant's Motion to Dismiss. (Doc. No. 16). Plaintiff filed an untimely objection to the M&R. Although the M&R was mailed to Plaintiff on August 23, 2017, Plaintiff claims that she was not served with the M&R until September 11, 2017 because that her mail was stolen around August 30, 2017. (Doc. No. 18 at 1).

On September 22, 2017, Plaintiff filed her Motion to Set Aside the M&R, then later amended that Motion on September 26, 1017. (Doc. Nos. 17, 18). In these motions, Plaintiff does not object to the M&R, but rather alleges that Defendant has acted in ways that invade her privacy and prevent her from obtaining legal counsel. Specifically, Plaintiff alleges that Defendant is responsible for stealing her mail, convincing potential attorneys not to schedule appointments, invalidating phone numbers so that Plaintiff could not place calls to attorneys, interrupting

websites that "suddenly and abruptly became 'unavailable,'" and hacking into Plaintiff's computer to delete sentences and paragraphs in Plaintiff's pleadings as she typed them. (Doc. No. 18 at 1–3).

In her motion, Plaintiff requests that the Court set aside the M&R because: (1) Plaintiff was not served in time to respond within the fourteen day requirement and raise objections; (2) Defendant directly or indirectly interfered with Plaintiff's right to counsel; (3) Plaintiff requests assistance from the Court to obtain counsel; and (4) Defendant has invaded Plaintiff's privacy and violated multiple rights as a retaliation to brining this current action. (Id. at 3). The Court declines to do so.

TheCourt will not set aside the M&R for Plaintiff to seek counsel. Between filing her complaint on May 1, 2017 and the filing of the Magistrate Judge's M&R on August 23, 2017, Plaintiff failed to acquire counsel and never moved for an extension of time to look for counsel. Nor will the Court appoint Plaintiff counsel. There is no constitutional right to counsel in civil cases. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). While the Court may exercise its discretion to appoint counsel for *pro se* litigants, it may only do so in "exceptional cases." Id. "The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). See also Seba v. Joyner, No. 5:16-CT-3051-BO, 2017 WL 2062872, at *4 (E.D.N.C. May 12, 2017). Upon review of the pleadings, the Court recognizes a straightforward civil rights case alleging discrimination based on race. The Court does not believe that this case has reached a point of complexity warranting the appointment of counsel. See Hildebrand v. PBM Graphics, Inc., No. 5:13-CV-15-BO, 2013 WL 3357741, at *2 (E.D.N.C. July

2, 2013) (finding a run-of-the-mill employment discrimination did not "merit special encouragement from the Court to proceed," making it "proper to deny the plaintiff's motion for appointment of counsel.").

In the end, Plaintiff fails to object to, or refute, the findings of fact and law within the M&R. In fact, Plaintiff states in her reply that her "Motion is clearly and unambiguously not an Objection." (Doc. No. 20 at 1). Plaintiff's time to file an objection has long since passed. The Court has reviewed the record, Plaintiff's complaint, and the parties' briefs. The Court finds no clear error on the face of the record and therefore accepts the Magistrate Judge's M&R. As such, Plaintiff's claims alleging race discrimination and hostile work environments are dismissed while Plaintiff's retaliation claim survives Defendant's Motion to Dismiss.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 16), is **ADOPTED**;

2. Anson County School District's Motion To Dismiss, (Doc. No. 11), is **GRANTED IN PART AND DENIED IN PART**;

3. Plaintiff's Pro Se Motion to Set Aside Memorandum and Recommendation, (Doc. No. 17), is **DENIED**; and

4. Plaintiff's Pro Se Amended Motion to Set Aside Memorandum and Recommendation, (Doc. No. 18), is **DENIED**.

Signed: February 22, 2018

Robert J. Conrad, Jr.
United States District Judge