# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CIVIL ACTION NO.: 3:17-CV-232-RJC-DSC

PHYLLIS GASTON,

    Plaintiff,

v.

THE ANSON COUNTY BOARD OF EDUCATION,

    Defendant.

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendant's "Motion for Sanctions Against Plaintiff" (document #46), and the parties briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

The Court has carefully reviewed the parties' submissions, as well as the record and authorities. For the reasons stated in Defendant's briefs, the Court respectfully recommends that the Motion be **GRANTED** and sanctions imposed as discussed below.

This is an employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e et. seq. On February 22, 2018, the Honorable Robert J. Conrad, Jr. dismissed pro se Plaintiff's race discrimination and hostile work environment claims but denied Defendant's Motion to Dismiss (document #11) her retaliation claim. See "Order" at 4 (document #22) (adopting "Memorandum and Recommendation" (document #16).

On August 24, 2018, Plaintiff served her initial disclosures (document #40). On August 27, 2018, Plaintiff served amended initial disclosures (document #41). Plaintiff did not request any written discovery or notice any depositions.

On December 4, 2018, the Board properly served Plaintiff with a notice of deposition for 1:30 p.m. on Thursday, December 20, 2018 at defense counsel's office in Greensboro, North Carolina. (Doc. 42; Doc. 44-1 pp. 2-4).

On December 17, 2018, Plaintiff filed her "Objection to Notice of and Deposition …" (document #43) complaining of factors such as time, distance and expense, as well as Defendant's conduct at the mediation. Plaintiff stated that responding to written questions should be sufficient. She also refused service of "Defendant's Response in Objection to Plaintiff's Objection …" (document #44). See Exhibit A to Document #47. Plaintiff did not appear for her deposition.

On January 24, 2019, Defendant filed its Motion for Sanctions, along with its Motion for Summary Judgment (document #48). Plaintiff has filed a Response, Amended Response, and Second Amended Response to both Motions. See Documents ##53-55. In response to the Motion for Sanctions, she states only that she "offered a valid alternative (written questions)" to appearing for her deposition. Id. at 3.

Defendant is clearly entitled to depose Plaintiff. She cannot unilaterally demand written questions as an alternative. See Fed. R. Civ. P. 45(c)(1)(B). The deposition was properly noticed, and the date, time and location of the deposition complied with the Rules.

Defendant seeks sanctions under Rule 37(b)(2) as well as pursuant to the Court's inherent powers. See Fed. R. Civ. P. 37(b)(2) (sanctions for failing to obey a discovery order); Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (court's inherent powers). Plaintiffs' conduct here raises an issue of bad faith. Sanctions are appropriate when a party refuses to appear for a properly

noticed deposition.  Mitchell v. Winston-Salem, 1:04CV1103, 2006 WL 889552, at *3 (M.D.N.C. 2006) (dismissing case for discovery misconduct, other misconduct, and failure to respond to motion for summary judgment). "The fact that plaintiff is proceeding pro se does not require a different result. Following rules and evincing an interest in one's own proceeding do not require special legal training, but rather are universal prerequisites for an orderly judicial system, if not the hallmark of well intending individuals." Id. at *4.  See also Rabb v. Amatex Corp., 769 F.2d 996, 999 (4th Cir. 1985) (Rule 37(b) sanctions apply to orders compelling discovery responses and "any order to provide or permit discovery" including pretrial orders).

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's "Motion for Sanctions Against Plaintiff" (document #46) be **GRANTED** and that sanctions be imposed as determined by the District Judge.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same.  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Order to pro se Plaintiff, Defendant's counsel and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: February 19,

David S. Cayer
United States Magistrate Judge